ALBERT F. GALLUM, TRUSTEE, ESTATE OF FRANKLIN P. MANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN S. LAWSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FREDERICK C. PRITZLAFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MATHILDA W. BERGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WALTER J. BERGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PHILIP W. HERZOG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6101, 6108–6111, 6245. Promulgated February 14, 1928.

*Edgar Allen Poe, Esq., J. Kemp Bartlett, Esq.,* and *Edgar L. Wood, Esq.,* for the petitioners.

*S. Duffield Mitchell, Esq.,* for the respondent.

## OPINION.

TRAMMELL: The petition as amended in the case of the petitioner Herzog assigns the following as errors on the part of the respondent in determining the proposed deficiency: (1) In holding that the seizure by the Alien Property Custodian in August, 1918, as enemy-owned, of the shares of stock in the American Transatlantic Co. and the Foreign Transport & Mercantile Corporation standing in the name of the petitioners was not taking of such without compensation resulting in a loss or destruction in the value of the shares to the petitioner and did not constitute a deductible loss allowable

against the dividends paid on the shares in 1918; (2) in holding that the 30 per cent dividend declared by the American Transatlantic Co. on January 16, 1917, payable on March 10, 1917, but the payment of which was postponed indefinitely and no payment actually made until April 8, 1918, when payment was made to the stockholders of record at the close of business March 1, 1917, constituted income for 1918 and was legally taxable as income for 1918 to the stockholder receiving it; (3) in holding that the dividend declared by the American Transatlantic Co. on June 17, 1918, was not a liquidating dividend or distribution of capital assets in whole or in part as distinguished from dividends declared and paid out of earnings and was therefore taxable as income for the year 1918 to the stockholder receiving it.

The petitions, as amended, in the cases of the other petitioners assign, in addition to the foregoing, the following as errors on the part of the respondent: (1) In holding that the transfer of the shares of stock by Wagner to the petitioners constituted a sale as contra-distinguished from a gift, and (2) in holding that the dividends paid in 1918 upon the stock of the American Transatlantic Co. and the Foreign Transport & Mercantile Corporation standing in the names of the petitioners belonged to them and not to Wagner.

The respondent denies that any error was committed in determining the proposed deficiencies.

In determining the deficiencies involved herein the respondent included in the taxable income of the respective petitioners as dividends the following amounts:

| | |
|---|---|
| Franklin P. Mann | $232,005.94 |
| John S. Lawson | 58,088.44 |
| Frederick C. Pritzlaff | 116,176.89 |
| Mathilda W. Berger | 232,005.94 |
| Walter J. Berger | 23,536.83 |
| Philip W. Herzog | 116,071.44 |

The above amounts represent the total of the 30 per cent dividend and the two distributions of the American Transatlantic Co. and the dividend of the Foreign Transport & Mercantile Corporation.

In determining that the dividends and distributions were taxable income, the respondent held that Wagner had sold the stock to the parties whose tax liability is involved herein, with the privilege of paying for it from the dividends paid on such stock.

While much evidence was submitted to show that Wagner and not the petitioners was the owner of the stock on which the dividends and distributions involved in these proceedings were declared and made, we think that a decision as to this is not necessary to a determination of the liability of the petitioners for the proposed deficiencies.

Granting, for the sake of argument, that the petitioners purchased the stock in 1915 from Wagner and that as the purchase price thereof he was to retain the dividends until they amounted to the par value of the stock plus 6 per cent interest, the petitioners, as owners of the stock, under our decision in *Richard G. Wagner*, 9 B. T. A. 925, would have sustained a loss thereon in 1918, as a result of its seizure by the Alien Property Custodian in that year, to the extent of the dividends.

On the other hand, if Wagner and not the petitioners was the owner of the stock, the dividends clearly would not be taxable to the petitioners.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

PHILLIPS dissents.